UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ENDURANCE ASSURANCE CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>AXON POWER & GAS LLC, et. al.,<br><br>*Defendants.* | § § § § § § § § § § § § Civil Action No. 3:20-CV-00285-X |

## **MEMORANDUM OPINION AND ORDER**

Before this Court is plaintiff Endurance Assurance Corporation's ("Endurance") motion seeking a preliminary injunction to compel Amar Ali, Barkat Ali, Farida Ali, and Axon Power & Gas, LLC ("Axon") to post $1.4 million payment on a bond to protect Endurance against claims and losses pursuant to its alleged rights under an indemnity agreement [Doc. No. 16]. A plaintiff seeking a preliminary injunction must show that it "is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[1] On irreparable harm, "a preliminary injunction is an inappropriate remedy where the potential harm to the movant is strictly financial."[2] However, "an exception exists where the potential economic loss is so great as to threaten the existence of the

---

[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[2] *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1179 (5th Cir. 1989).

1

movant's business."³  The Supreme Court has further stated that "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."⁴

The Court finds that plaintiff Endurance has failed to show irreparable harm. Endurance's harm is "strictly financial" and so a preliminary injunction is generally an inappropriate remedy.  Endurance does not argue that the economic loss would threaten the existence of its business and so fails to show that exception to the general rule applies.  Instead, Endurance objects that, because Axon is currently in license suspension proceedings with the Texas Public Utilities Commission, it doubts that Axon will be able to provide "adequate compensatory or other corrective relief at a later date," only speculating that these proceedings will make Axon insolvent.⁵ However, subjective doubt is not the standard at issue here.  Impossibility is the standard and Endurance has not shown that Axon's license suspension proceedings will make it not possible for Axon to provide corrective relief at a later date.

For these reasons, the Court **DENIES** Endurance's motion for preliminary injunction.  However, if Endurance wishes to replead to seek monetary damages,⁶ the

---

³ *Id.*

⁴ *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quotation marks omitted).

⁵ *Id.*

⁶ Endurance's live pleading only contains a claim for specific performance.

Court will consider such a request in a motion for leave. Any such motion must be filed within 14 days of the issuance of this order.[7]

**IT IS SO ORDERED**, this 6th day of July, 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[7] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.