UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ENDURANCE ASSURANCE CORPORATION, § § § § | |
| *Plaintiff,* § § | |
| v. § § | Civil Action No. 3:20-CV-00285-X |
| AMAR ALI, BARKAT ALI, FARIDA ALI, and AXON POWER & GAS, LLC, § § § § § | |
| *Defendants.* § § | |

**MEMORANDUM OPINION AND ORDER**

This case is about an indemnity agreement. Before the Court is the plaintiff's motion for summary judgment as to Counts One and Four of its complaint. [Doc. No. 28]. Finding no genuine dispute of material fact, the Court **GRANTS** the motion. The Court also **DISMISSES AS MOOT** Counts Two and Three.

### I.   Background

The plaintiff, Endurance Assurance Corporation (Endurance), signed an indemnity agreement with Amar Ali, Barkat Ali, Farida Ali, and Axon Power & Gas, LLC (collectively, the defendants) in July 2019. In it, the defendants agreed to indemnify Endurance against "all liability, loss, cost and expense . . . and pay [Endurance] for any [l]oss sustained or incurred . . . in connection with or arising out of the execution by [Endurance] of any bond . . . [and] by reason of the failure of [the defendants] to perform or comply with the covenants and conditions" contained in the

1

agreement.[1] The defendants also agreed to deposit collateral security if Endurance found it necessary to establish a reserve to pay for potential claims or losses.[2] And under the agreement, Endurance reserved discretion to "take any action it may deem necessary, appropriate, or expedient in handling any [c]laim or fulfilling any bonded obligation."[3]

Relying on the agreement, Endurance issued bonds on the defendants' behalf to several electric utility delivery companies to guarantee the defendants' performance on agreements with those utilities. Several of these bondholders later declared the defendants in default and made claims under the bonds Endurance issued. Endurance paid the claims and demanded that the defendants reimburse it under the indemnity agreement and provide collateral security. The defendants refused. So Endurance sued the defendants for failure to perform, seeking monetary damages and specific performance.[4]

Endurance now moves for summary judgment. It argues that the evidence shows that the defendants failed to perform their obligations under the indemnity agreement and ask for specific performance and monetary damages.

## II. Legal Standard

Courts may grant summary judgment if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] Doc. No. 29 Exhibit 3 at 2.

[2] *Id.* at 3.

[3] *Id.* at 4.

[4] *See generally* Doc. No. 26.

matter of law."[5] A material fact is one "that might affect the outcome of the suit under the governing law."[6] And a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7]

The party moving for summary judgment bears the initial burden of identifying the evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact," but need not necessarily support its motion "with materials negating the opponent's claim."[8] The nonmoving party must "go beyond the pleadings" and establish "specific facts showing that there is a genuine [dispute] for trial."[9] "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may deny summary judgment or delay ruling on the motion.[10]

### III. Analysis

As an initial housekeeping matter, Endurance attaches several pieces of evidence to its motion for summary judgment. These include an affidavit, the indemnity agreement, the bonds, several claim and default notices, and several payment receipts. The defendants do not challenge the validity of any of this evidence, and the Court finds it competent.

---

[5] FED. R. CIV. P. 56(a).

[6] *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

[7] *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018).

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c)(1).

[9] *McWhirter v. AAA Life Ins. Co.*, 622 F. App'x 364, 365 (5th Cir. 2015) (quoting *Celotex*, 477 U.S. at 324).

[10] *See* FED. R. CIV. P. 56(f).

### A. Count One: Breach

In order to recover damages for losses incurred under an indemnity agreement, Endurance must establish that (1) the agreement exists, (2) the agreement obligates the defendants to indemnify Endurance for any claims made on the bonds, (3) claims were made on one or more bonds, (4) all conditions precedent have been performed, waived, or excused, and (5) Endurance suffered damages.[11] The Court will examine each of these elements individually.

First, the Court finds that a valid contractual agreement exists between Endurance and the defendants.[12] The defendants state that they dispute "[t]he validity of the contract," but does not specify at any point in their response how or why the contract is invalid.[13] The Court therefore concludes that there is no genuine dispute of material fact regarding the validity of the indemnity agreement between Endurance and the defendants.[14]

Second, the agreement's plain language expressly imposes a duty on the defendants to

> promptly indemnify, exonerate, reimburse and hold [Endurance] harmless from and against all liability, loss, cost and expense of whatsoever kind or nature and pay [Endurance] for any loss sustained or incurred (i) in connection with or arising out of the execution by [Endurance] of any Bond, (ii) by reason of the failure of [the defendants] to perform or comply with the covenants and

---

[11] *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995).

[12] *See generally* Doc. No. 29, Exhibit 3.

[13] Doc. No. 30 at 4.

[14] *See Celotex*, 477 U.S. at 324 (requiring the nonmovant to "designate specific facts" to show a genuine dispute of material fact); *see also Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (explaining that conclusory allegations do not satisfy the nonmovant's burden).

4

conditions of this Agreement or Other Agreements, and (iii) enforcing any of the covenants and conditions of this Agreement.[15]

Third, it is undisputed that several utility companies made claims on the bonds Endurance issued on the defendants' behalf and that Endurance paid those claims. The third element is therefore satisfied. As previously stated, Endurance attached to its motion several uncontroverted documents that demonstrate the existence of these claims and their attendant payments.[16] The evidence Endurance presents shows that these payments, along with the attorney fees needed to address claim reimbursement, total $409,154.36.[17] The defendants dispute none of these facts. Therefore, the evidence conclusively establishes that claims occurred and Endurance has suffered damages (the third and fifth elements).

The defendants argue Endurance has not shown the occurrence or performance of all conditions precedent (element four). Specifically, the defendants note that the surety has a duty of good faith in settling claims on the principal's behalf under Texas law, and states that "[Endurance's] argument and evidence do not establish that there is no genuine issue [sic] of material fact whether [Endurance] has made [its claims payments] in good faith or not."

---

[15] Doc. No. 29, Exhibit 3 at 2. The agreement defines the capitalized terms "Bond" and "Other Agreements" in its definitions section. *See id.* at 1–2. The defendants do not dispute that these definitions are valid.

[16] Doc. No. 29, Exhibits 4–11 (showing bonds, notices of claims, and payments); *see also* Exhibit 2 at 4–6 (affiant testifies to the existence and validity of the bonds and claim payments).

[17] Doc. No. 29, Exhibit 12; *see also* Exhibit 2 at 6; Exhibit 3 at 2 ("An itemized statement of Loss by the Surety, sworn to by an officer of the Surety, shall be prima facie evidence of the fact and amount of the liability of the Indemnitor to the Surety.").

But the Texas case the defendants cite to establish a duty of good faith for sureties does exactly the opposite. The Supreme Court of Texas found that sureties do *not* owe "the duty of good faith and fair dealing" to principals under an indemnity agreement like the one with the defendants.[18] So, there can be no genuine dispute of material fact as to whether Endurance fulfilled this nonexistent duty at common law.

But while Endurance has no common-law duty of good faith to the defendants, the agreement the parties signed states that Endurance is "entitled to be indemnified and reimbursed for all disbursements made by it in good faith under the belief that it is or was liable for such disbursements."[19] Despite the defendants' protestations, there is no genuine dispute of material fact that Endurance displayed misfeasance or malfeasance in paying the claims at issue. First, the only affidavit on record—from the Assistant Vice President of Endurance, Lisa Jennings—states that Jennings decided to pay these claims "in good faith under the belief that [Endurance] is or was liable for such disbursements."[20] The defendants' only counter to this sworn statement is to state in their response, in conclusory fashion and without cited support, that Endurance has not met its evidentiary burden.[21] So, because the defendants do not point to any facts in the record that contradict Jennings's

---

[18] *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 280 (Tex. 1998) (declining to extend the duty of good faith to "the relationship between surety and principal" because it is not a special relationship arising out of unequal bargaining power).

[19] Doc. No. 29 Exhibit 3 at 2. Under the agreement, "good faith" means "honesty in fact and the absence of willful misfeasance or malfeasance." *Id.*

[20] Doc. No. 29 Exhibit 2 at 6–7.

[21] This is not sufficient at the motion to dismiss phase, let alone summary judgment. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (requiring the nonmovant to "do more than simply show that there is some metaphysical doubt as to the material facts" when the movant has made their prima facie showing).

testimony, the Court sees no genuine dispute of material fact as to whether Endurance fulfilled its contractual duty of good faith.[22]

The defendants play their final card, arguing that Endurance has not met their prima facie burden to establish no genuine dispute of material fact regarding the defendants' affirmative defenses.[23] This is incorrect. First, Rule 56 does not require Endurance to negate the defendants' affirmative defenses if it met its initial burden to show it can receive repayment from the defendants under the indemnity agreement (and it has).[24] Second, Endurance states in its motion for summary judgment that the defendants "have no evidence of fraud or other defense that might, if proved, raise an issue [sic] of willful malfeasance . . . ." Therefore, the defendants must demonstrate, with reference to specific facts in the record, that their affirmative defenses create a genuine dispute of material fact for trial.[25] The defendants offer no such facts. They instead state that they require more time for discovery on their defenses. But the defendants do not show that they need more time "by affidavit or

---

[22] The defendants also argue that they have had insufficient time for discovery as to whether Endurance acted in good faith. All discovery in this case ended on April 16, 2021. *See* Doc. No. 15 at 2. The deadline for summary judgment motions was April 30, 2021. *See id.* at 3. The defendants neither amended nor supplemented their response with evidence on Endurance's good faith. The defendants also failed to file their own motion for summary judgment. The Court therefore finds that the defendants had sufficient time to conduct discovery and finds their argument to the contrary lacking.

[23] The defendants additionally say that Endurance must negate their "counterclaim for fraud." Doc. No. 31 at 8. But the defendants never filed any such counterclaim.

[24] *See United States v. Reed*, 2014 WL 462620 at *7 (N.D. Tex. Feb. 5, 2014) (Ramirez, M.J.).

[25] *See Celotex*, 477 U.S. at 323–24 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported . . . defenses . . . ."); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (the nonmovant may not "rest upon the mere allegations or denials of the adverse party's pleadings" once the movant meets their summary judgment burden).

declaration."[26] This is insufficient under Rule 56, so the Court "consider[s] the fact undisputed for purposes of the motion" that no evidence exists to support the defendant's affirmative defenses.[27]

Therefore, the Court finds no genuine dispute of material fact regarding whether the defendants must repay Endurance's claims payments under their indemnity agreement—by all available evidence and established law, they must. The Court grants summary judgment as to Count One.

### B. Count Four: Specific Performance

Endurance also asks the Court for the remedy of specific performance regarding the defendants' failure to deposit collateral. When Endurance began receiving claims on the defendants' bonds, it demanded that the defendants deposit collateral to protect Endurance from claims or losses on the bonds.[28] The defendants did not. And the indemnity agreement the defendants signed with Endurance plainly says that

> if [Endurance] deems it necessary to establish a reserve for potential Claims or contingent losses . . . upon demand from [Endurance], [the defendants] shall deposit Collateral with [Endurance] in the form and amount as [Endurance] in its sole discretion deems necessary or appropriate to protect [Endurance] with respect to any Claim or potential Claim or Loss in connection with any Bond.[29]

The defendants dispute none of this.[30]

---

[26] FED. R. CIV. P. 56(d).

[27] FED. R. CIV. P. 56(e)(2).

[28] *See* Doc. No. 29, Exhibit 2 at 7 (affidavit testimony); Exhibit 13 at 172–75.

[29] Doc. No. 29, Exhibit 3 at 3. As before, the capitalized words are defined in the indemnity agreement.

[30] And because they do not dispute it, the Court holds that Endurance has met their *prima facie* burden of proof.

8

Instead, the defendants argue specific performance is an inappropriate remedy for their material breach of the indemnity agreement because the defendants have not had "the opportunity to conduct full and complete discovery as to the matter that goes to the heart of [the defendants'] affirmative defenses."[31] Therefore, the defendants avers, the defendants and Endurance are not similarly situated. But as the Court addressed above, the defendants do not offer any evidence that demonstrates that they have not been able to conduct full discovery on their affirmative defenses, so the Court considers it undisputed that they have.[32]

The Court now considers whether specific performance is an appropriate remedy in this instance. Normally, specific performance is an appropriate equitable remedy under Texas law in lieu of monetary damages only when no other adequate remedy exists.[33] But the indemnity agreement at issue says that:

> [The defendants acknowledge] that the failure to deposit any Collateral demanded by [Endurance] shall cause irreparable harm to [Endurance] for which [Endurance] has no adequate remedy at law, so that [Endurance] shall be entitled to injunctive relief for specific performance of this obligation of [the defendants].

Courts typically grant specific performance to enforce collateral security clauses like this one in order to protect the benefit of the surety's bargain.[34] The evidence demonstrates that Endurance demanded collateral from the defendants. The defendants did not deposit the collateral. Therefore, according to the plain language

---

[31] Doc. No. 30 at 10.

[32] FED. R. CIV. P. 56(d), (e)(2).

[33] *See Lone Star Salt Co. v. Tex. S. L. R. Co.*, 90 S.W. 863, 865–66 (Tex. 1906).

[34] *See Liberty Mut. Ins. Co. v. Nat'l Pers. of Tex., Inc.*, 2004 WL 583531 at *2 (N.D. Tex. Mar. 24, 2004) (Kinkeade, J.) (collecting cases).

of the contract, Endurance is entitled to the specific performance it bargained for.[35] The defendants do not "designate specific facts" that would create a genuine dispute of material fact on this issue.[36] So, the Court grants summary judgment as to Count Four of Endurance's complaint.

### C.   Counts Two and Three

In the remainder of the complaint, Endurance asks for exoneration and indemnity under common law.  But granting judgment on Counts One and Four makes granting Counts Two and Three duplicative (and therefore unnecessary).  And Endurance agrees.[37]  So, the Court dismisses these counts as moot.

## IV.   Conclusion

The Court **GRANTS** Endurance's motion for summary judgment as to Counts One and Four and **DISMISSES AS MOOT** Counts Two and Three.  The defendants are hereby **ORDERED** to pay Endurance monetary damages in the amount of $409,154.36 and specifically perform their duty to deposit collateral of $120,000 with Endurance.  Costs are taxed against the defendants.  The parties must follow Federal Rule of Civil Procedure 54(d)'s procedure as to costs.  Post-judgment interest is recoverable under 28 U.S.C. § 1691.  Additionally, Endurance may move for attorney

---

[35] The Court previously denied Endurance's motion for a preliminary injunction to compel the defendants to post collateral because "a preliminary injunction is an inappropriate remedy where the potential harm to the movant is strictly financial." *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1179 (5th Cir. 1989).  Endurance re-pled to seek specific performance.  While an injunction to award Endurance that remedy was inappropriate, specific performance is appropriate now as a form of corrective relief under the contract.

[36] *See Celotex*, 477 U.S. at 324.

[37] *See* Doc. No. 29 at 5.

fees within fourteen (14) days of this order. The Court will issue a separate final judgment shortly.

**IT IS SO ORDERED** this 19th day of July, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE